EDNY-PROB 12B
(rev 07/09)

PACTS#23324

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 2 3 2010 ★

BROOKLYN OFFICE

# United States District Court

## for the

## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

Case Number: **0207 1:99CR00019-001**

Name of Offender: **Vadim Pavlotskiy**

Name of Sentencing Judicial Officer:   The Honorable Nina Gershon

Date of Original Sentence:   11/25/2002

Original Offense:   CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE

Original Sentence:   Imprisonment - 101 M
                     Supervised Release - 36 M

Type of Supervision:   TSR          Date Supervision Commenced:   5/23/2008

---

## PETITIONING THE COURT

[ ]   To extend the term of supervision for   years, for a total term of   years.
[x]   To modify the conditions of supervision as follows:

For a period **through May 22, 2011 (the scheduled termination date of supervision)**, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.

| Prob 12B | -2- | Request for Modifying the Conditions or Terms of Supervision with Consent of the Offender |
|---|---|---|
| *Name of Offender:* Vadim Pavlotskiy | | *Case Number:* 0207 1:99CR00019-001 |

## CAUSE

As outlined in our correspondence to the Court on November 30, 2010, the offender was arrested on November 28, 2010, by the New York City Police Department (NYPD) and charged with the following: Menacing in the second degree, a class A misdemeanor in violation of New York State Penal Law 120.14; Criminal Possession of a Weapon in the 4th degree, a class A misdemeanor in violation of New York Penal Law 265.01; Disorderly Conduct, in violation of New York State Penal Law 240.20.

Since that date, the Probation Department has learned that the Kings County (NY) District Attorney's Office declined to prosecute this matter based upon a lack of evidence. In addition, the undersigned officer interviewed the offender regarding this incident. Although he denied possession and use of a weapon, he did disclose employment as a security guard/bouncer at the location in question on the date of the criminal complaint. The offender further advised he has worked as a security guard/bouncer for the past 18 months while on supervised release. It is noted the offender was given a specific directive on June 26, 2010, to not commence such employment until he requested and received approval from the undersigned officer. This would provide the Probation Department with an opportunity to investigate the nature of the security work and appropriately gauge third party risk. A request for this type of employment was never made by the offender.

To address this non-compliance, the Probation Department recommends a modification of the conditions of supervision to include home confinement for the remainder of the term of supervised release which is scheduled to expire on May 22, 2011. In addition to serving as an intermediate sanction, this will allow the Probation Department to closely monitor the offender's activities. The offender has agreed to this modification, as evidenced by the attached Probation Form 49 dated December 9, 2010.

Respectfully submitted,

by _____
Eric Macolino
Sr. U.S. Probation Officer
Date: December 10, 2010

Approved:

_____ for L. ANDRES
SUSPO

---

## THE COURT ORDERS:

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

12-20-10
Date

PROB 49
(NYEP-10/28/05)

# United States District Court

## EASTERN DISTRICT OF NEW YORK

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and the assistance of counsel before any unfavorable change(s) may be made in my conditions of Probation and/or Supervised Release or before my period of supervision can be extended. By assistance of counsel, " I understand that I have the right to be represented at a hearing by counsel of my choosing if I am able to retain counsel. I also understand that I have the right to request that the Court appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel. "

I hereby voluntarily waive my statutory right to a hearing and to the assistance of counsel. I also hereby agree to the following modification (s) of my conditions of Probation and/or Supervised Release or to the proposed extension of my term of supervision:

*For a period **through May 22, 2011 (the scheduled termination date of supervision)**, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.*

Witness: _____   Signed: *Pavlofshiy Vadim*
U.S. Probation Officer              Probationer or Supervised Releasee

12-9-10
Date